**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,** )
)
)
) Case No.
) **5:14-CR-00113-FL**
)
**BAILEY JOE MILLS,** )
**Defendant.** )

_____

**ARRAIGNMENT HEARING**
**BEFORE MAGISTRATE JUDGE ROBERT B. JONES, JR.**
**AUGUST 12, 2014; 2:36 P.M.**
**NEW BERN, NORTH CAROLINA**
_____

**FOR THE GOVERNMENT:**

Augustus D. Willis, IV
U.S. Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, North Carolina  27601-1461

**FOR THE DEFENDANT:**

Cindy J. Bembry
Federal Public Defender's Office
150 Fayetteville Street, Suite 450
Raleigh, North Carolina  27601

Proceedings recorded by mechanical stenography, transcript produced by computer.
_____

**DAVID J. COLLIER, RMR, CRR**
FEDERAL OFFICIAL COURT REPORTER
413 MIDDLE STREET
NEW BERN, NC  28560

P R O C E E D I N G S

- - - o0o - - -

(Defendant was previously explained his rights in open court as follows:

THE COURT:  All right.  I ask each defendant appearing before the Court to listen carefully to the following information.  This information will be an important part of your case and you may be called upon today to make decisions based upon this information.

I now advise you as follows:  You are here because a bill of indictment has been returned against you by the grand jury or the United States Attorney has filed a criminal information charging you with a violation of one or more Federal criminal laws.  You have certain rights as relate to these charges, and I'm going to explain those rights to you.

As explained to you at your initial appearance, you have the right to remain silent.  You have the right to be represented by counsel, and if necessary, to have the Court appoint counsel to represent you in your case, including at a trial.  You have the right to a trial by jury, and at such a trial you are presumed to be innocent, you do not have to prove anything; instead, the burden is upon the Government through its attorneys and agents to prove you guilty by competent evidence and beyond a reasonable doubt.

The method for the Government to do this is to call

its witnesses, who would testify under oath in front of you, in front of a jury, and in front of the presiding District Judge. You through your lawyer would then have the right to cross-examine those witnesses and to object to any evidence you deem to be legally improper. You would also have the right to use the subpoena power of this court to bring to court witnesses who may be favorable to you and to have these witnesses testify under oath.

You also may elect to take the witness stand and testify under oath, but only if you wish to do so. No one can force you to take the witness stand and testify if you do not want to. If you choose not to testify, the fact that you do not testify cannot be held against you and the District Judge will instruct the jury accordingly.

If you plead guilty to an offense this afternoon, you will waive your right to a trial by jury and the rights that I've just mentioned other than your right to an attorney. You also will have to waive your right not to incriminate yourself because I cannot accept your plea of guilty as to a particular offense or offenses unless you admit in open court your guilt as to that particular offense or offenses.

By pleading guilty to a felony offense or being convicted by a jury and adjudicated guilty of a felony offense, whether that is by a bill of indictment or a criminal information, you may lose certain valuable civil rights, such

as the right to possess any kind of firearm, the right to serve on a jury, the right to hold public office, and the right to vote.

If you plead guilty or are found guilty at trial, you may be ordered to make restitution in money or services to the victims of your crime, if they are identifiable. In certain cases you may be required to forfeit property to the United States Government. If your offense involves fraud, you may be required to provide notice of your conviction to the victims of your crime. In addition, if you are not a United States citizen your immigration status may be adversely affected and you may be subject to deportation, exclusion, voluntary departure and prevented from obtaining United States citizenship.

If are you charged with a sex crime, a conviction may result in substantial future restrictions on where you may live or work and with whom you may associate. In addition, at the conclusion of any sentence that is imposed, you may be subject to civil commitment as a sexually dangerous person.

As required by the law, a special assessment of $100 for each felony offense or counts to which you plead guilty or are found guilty at trial will be imposed against you. This special assessment of $100 per count will be in addition to and on top of any fine that may also be imposed.

You may be given a term of supervised release

following any actual term of incarceration that is imposed. Supervised release is similar to what you may know as probation. The term of supervised release in each individual case can range anywhere from one year up to life based upon your individual criminal history and the offense. Supervised release would require you to report to your assigned probation officer from time to time and to comply with any Court-imposed or directed instructions. If you violate supervised release conditions, you may be required to serve an additional time of incarceration.

The United States Sentencing Commission has established advisory guideline ranges for all Federal crimes. Although the District Judge is no longer required to specifically follow the guidelines in sentencing you, he or she is required to calculate the advisory guideline for your offense or offenses. The District Judge will then consider that guideline range as well as other relative factors set forth in 18 United States Code Section 3553(a) before imposing a sentence.

The District Judge has the authority in some circumstances to depart upward or downward from that advisory guideline range, and the District Judge will also examine other statutory sentencing factors under 18 United States Code Section 3553(a) that may result in a sentence that is either greater or lesser than the advisory guideline sentence. If the

District Judge imposes a sentence outside the guideline range, he or she is required to explain on the record at the time of sentencing his or her reasons for imposing a sentence outside the guidelines.

Under some circumstances you may have the right to appeal your sentence even though you pled guilty to the underlying crime; however, if you have waived the right to appeal your sentence in a plea agreement with the United States, that agreement may be binding upon you.

You need to understand that parole has been abolished in the United States Court system, so if you receive a sentence which includes an active term of incarceration, you will not receive parole.

Regarding plea agreements, you should know that the Court is not a party to a plea agreement and does not participate in the plea agreement negotiations; however, the Court is obligated to examine carefully any plea agreement with the Government to be sure that the agreement conforms to the objectives of sentencing.

The standards of acceptance of plea agreements include those stated in Rule 11 of the Federal Rules of criminal procedure, which provides in part as follows:  In one type of a plea agreement the Government recommends or agrees not to oppose the defendant's request that a particular sentence or sentencing range is appropriate or that a

particular provision of the sentencing guidelines or policy statement or sentencing factor does or does not apply. To the extent that a plea agreement is of this type, if the Court accepts the agreement the recommendation or request is not binding on the Court. If the Court does not follow the recommendation or request, the defendant has no right to withdraw his or her guilty plea.

On the other hand, there may be plea agreements in which the Government agrees not to bring or will seek dismissal of other charges or in which the Government agrees that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the sentencing guidelines or policy statement or sentencing factor does or does not apply. To the extent that a plea agreement is of this type, if the Court accepts the agreement, then such agreed-upon terms are binding on the Court and the agreed-upon disposition will be included in the judgment unless the plea agreement provides otherwise.

If the Court does not accept this type of a plea agreement where there is a binding agreed-upon disposition, the defendant will be given an opportunity to withdraw his or her plea. If the plea is not withdrawn, the Court is not required to follow the plea agreement and may dispose of the case less favorably than the plea agreement had contemplated.

A written presentence report will be prepared by the Probation Office to assist the District Judge in sentencing. You will be asked to give information for this report and you are entitled to have your attorney present during the interview.  It is important that the presentence report be accurate because it will likely determine your punishment range.  After that report has been prepared, you and your attorney will have an opportunity to review that report and to object to any aspects of the report you believe are inaccurate. Any objections to the presentence report must be made in writing and on a timely basis.  If you do not contest the facts set forth in the presentence report and the Court's independent findings coincide with those facts, those facts will be accepted by the Court as correct and will be relied upon in determining the guidelines applicable to your case.

If a party seeks to advocate for a sentence which varies from the United States Sentencing Guidelines, that party shall file a written memorandum advocating that position and serve a courtesy copy on the probation officer who authored the presentence report.

At the time of sentencing you and your attorney will be afforded an opportunity to speak to the Court and to argue for a sentence that you and your attorney feel is appropriate under 18 U.S. Code Section 3553(a).  Judge Flanagan does not permit oral testimony in the nature of character evidence at

the sentencing hearing, but in lieu thereof she will be happy to receive from your attorney written sentencing memoranda or character letters, all of which should be furnished to Judge Flanagan so that they are received at least one week, seven days, prior to the date you are scheduled to be sentenced.

Finally, if there are any victims of the offenses for which you are to be sentenced, these victims will be given an opportunity to be heard at the sentencing hearing.

That concludes the explanation of your rights. Those cases in which a plea of guilty is entered today will be scheduled for a sentencing hearing which will be held no sooner than 90 days from today before Judge Flanagan. In those cases it is anticipated that sentencing will be set for the Court's November, 2014 term of Court.

Any cases in which a plea of not guilty is entered today will have an administrative conference call before Judge Flanagan on Friday, August the 15th at ten o'clock in the morning. In those cases counsel is directed to contact Susan Tripp at 252-638-6507 in order to confirm attendance at the administrative telephonic conference call as well as to obtain the necessary dial-in instructions for that call.

Before I take up the cases individually, I advise each defendant further that you should know that as I take up your cases to hear your plea and to address you personally, that each of you will be placed under oath and that if you

should answer any of my questions falsely, your answers may later be used against you in a separate prosecution for perjury or making a false statement.

– – – o0o – – –

(Bailey Mills affirmed to testify truthfully.)

– – – o0o – – –

THE COURT: All right. Mr. Mills, I've got a document up here in your case, this document is entitled Consent to Proceed Before a United States Magistrate Judge in your case, it appears to be signed by you, by Ms. Bembry, your attorney, as well as Mr. Willis, or maybe it's Mr. Ontjes' signature. Anyway, a representative of the U.S. Attorney's office has signed this document as well.

Mr. Mills, did you sign this document?

THE DEFENDANT: Yes, sir.

THE COURT: And let me ask you this: Is it your knowing and voluntary desire that for the purpose of conducting your arraignment this afternoon and taking your plea, that these proceedings may be conducted before me as a U.S. Magistrate Judge?

THE DEFENDANT: Yes, sir.

THE COURT: Thank you. You can have a seat.

All right. Now, Mr. Mills, sir, do you understand that you are now under oath and that if you answer any of my questions falsely, that your answers may later be used against

you in a separate prosecution for perjury or making a false statement?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, sir, what is your full name?

THE DEFENDANT: Bailey Joseph -- sorry, Bailey Joe Mills.

THE COURT: And how old are you, sir?

THE DEFENDANT: 33.

THE COURT: And how far did you go in school?

THE DEFENDANT: I went to tenth grade and then I received my GED.

THE COURT: Very good. Are you able to speak and understand English?

THE DEFENDANT: Yes.

THE COURT: Are you able to read?

THE DEFENDANT: Yes.

THE COURT: Are you currently or have you recently been under the care of a physician or psychiatrist or been hospitalized or treated for narcotics addiction?

THE DEFENDANT: No, sir.

THE COURT: Have you taken any drugs, medicine, pills or had any alcoholic beverages in the past 24 hours?

THE DEFENDANT: No, sir.

THE COURT: Mr. Mills, sir, have you been furnished with a copy of the charges that have been filed against you in

this case?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you fully discussed those charges and this case in general with your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, Mr. Mills, the charge against you in this case is a felony charge, and these felony charges or this felony charge rather has been filed against you by the U.S. Attorney filing a criminal information.  You have a Constitutional right to be charged by an indictment of a grand jury, but you can waive that right and you can consent to being charged using the criminal information of the U.S. Attorney.

If you do not waive indictment, this proceeding cannot go forward today, but the Government is free to present their case to the grand jury and ask the grand jury to indict you.  The grand jury is composed of at least 16 and not more than 23 persons, and at least 12 grand jurors must find that there is probable cause to believe you committed the crime with which you were charged before you may be indicted.  If the Government presented its case to the grand jury, that grand jury might or might not indict you.  No one can predict what the grand jury will do.  If you waive indictment by the grand jury, the case will proceed against you on the U.S. Attorney's criminal information just as though you had been indicted.

Now, Mr. Mills, sir, have you discussed waiving your

right to indictment by the grand jury with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: You understand your right to indictment by the grand jury?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand what's happening this afternoon, Mr. Mills?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, have any threats or promises been made to you to get you to waive indictment in this case?

THE DEFENDANT: No, sir.

THE COURT: Mr. Mills, do you wish to waive your right to indictment by the grand jury?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Now, I have been -- in that regard, I have been provided a document, it appears to be signed by you as well as by Ms. Bembry, your attorney. This document is entitled waiver of an indictment in your case, and Mr. Mills, did you sign this document?

THE DEFENDANT: Yes, sir.

THE COURT: And is it your intention to waive indictment in this matter?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Ms. Bembry, is there any reason that Mr. Mills should not waive indictment here?

MS. BEMBRY: No, Your Honor.

THE COURT: Okay. Thank you.

Let the record reflect that the defendant, Bailey Joe Mills, has knowingly and voluntarily waived his right to an indictment and that the Court will now proceed with his arraignment on the U.S. Attorney's criminal information.

Ms. Bembry, have you had any difficulty in communicating with Mr. Mills or any reason to doubt his mental competency in this case?

MS. BEMBRY: No, Your Honor.

THE COURT: Mr. Willis, does the Government have any reason to doubt Mr. Mills' mental competency in this case?

MR. WILLIS: No, Your Honor.

THE COURT: Very good. Let the record reflect the Court finds as a fact that the defendant Bailey Joe Mills is competent to appear, to understand the nature of these proceedings and to ultimately plead in these matters.

Now, Mr. Mills, sir, have you had the time to and have you in fact discussed your case with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with Ms. Bembry's advice and counsel to you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, did you hear and understand my explanation of your rights this afternoon?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand my general explanation of how you might be sentenced?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, did you receive a copy of the criminal information in this case charging you with one count?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand what you're charged with in that criminal information?

THE DEFENDANT: Yes, sir.

THE COURT: Do you want me to read the information to you aloud or do you waive the reading of it?

THE DEFENDANT: I'll waive.

THE COURT: Okay. I am, however, required to remind you of the statutory maximum penalty, not the guidelines, but the statutory maximum penalty for each count that you face.

Mr. Willis, can you advise Mr. Mills as to the statutory maximum penalty with regard to the charge contained in the information.

MR. WILLIS: Yes, Your Honor.

The maximum statutory penalty with respect to the one count contained in the criminal information is not less than 15 years imprisonment nor more than 30 years imprisonment, a $250,000 fine or both fine and imprisonment, term of supervised release of not less than five years up to life,

upon revocation of that supervised release up to life imprisonment, a $100 special assessment and restitution if restitution is deemed applicable.  However, if the defendant has a prior conviction under 18 United States Code Section 1591 Chapter 71, 109A, 110 or 117 of the United States Code, or 10 United States Code Section 920, or a prior conviction under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the maximum statutory penalty increases to not less than 25 years of imprisonment nor more than 50 years imprisonment, a $250,000 fine or both fine and imprisonment, a term of supervised release of not less than five years and up to life, upon revocation of supervised release up to life imprisonment, a $100 special assessment, and restitution if restitution is deemed applicable.  However, if the defendant has two or more prior convictions in the nature of the above-described convictions, the maximum penalty increases to not less than 35 years of imprisonment nor more than life imprisonment, a $250,000 fine or both fine and imprisonment, supervised release of not less than five years and up to life, upon revocation of supervised release up to life imprisonment, a $100 special assessment, and restitution if restitution is deemed applicable.

THE COURT: Now, Mr. Mills, sir, do you understand the charge that has been filed against you in this case and do you understand the statutory maximum penalty that you face if convicted of that charge?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Counsel, there is a plea agreement in this case; is that correct?

MS. BEMBRY: Yes, Your Honor.

THE COURT: Were all formal plea offers by the Government conveyed to Mr. Mills?

MS. BEMBRY: Yes, Your Honor.

THE COURT: All right. And, Mr. Mills, I have been provided a nine page document entitled Memorandum of Plea Agreement in your case. This document appears to be signed by you; Ms. Bembry, your attorney; as well as a representative of the U.S. Attorney's Office. It appears also from this document that it is your intention to plead guilty to the criminal information, and Mr. Mills, sir, did you sign this document?

THE DEFENDANT: Yes, sir.

THE COURT: And is it your intention to plead guilty --

THE DEFENDANT: Yes, sir.

THE COURT: -- to the charge contained in the criminal information?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, sir, let me ask you, have you had an opportunity to read and to discuss this plea agreement with your attorney and did you in fact do so before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Does this plea agreement represent in its entirety any and all agreements that you have with the United States and the U.S. Attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, did you understand the terms, the language, the words, the sentences and even any legal phrases that are used in this plea agreement after you discussed it with Ms. Bembry?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand, Mr. Mills, that by entering into this plea agreement and entering a plea of guilty, that you will have waived or given up your right to appeal or to collaterally attack all or a part of your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: And, Mr. Mills, has anyone made any other or different promises to you to get you to plead guilty in this case other than what is contained in the plea agreement?

THE DEFENDANT: No, sir.

THE COURT: Has anyone threatened you in any way to persuade you to either accept the plea agreement or plead guilty in this case?

THE DEFENDANT: No, sir.

THE COURT: Mr. Mills, sir, are you pleading guilty of your own free will because are you in fact guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand, Mr. Mills, that the offense to which you are pleading guilty is a felony offense, that if your plea is accepted you will be found guilty of that offense, that may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, to serve on a jury and possess a firearm?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand further that if you are not a citizen of the United States, that in addition to other possible penalties that you face, a plea of guilty may subject you to deportation, exclusion or voluntary departure and prevent you from obtaining U.S. citizenship?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Mills, do you understand that if I accept your plea of guilty today, that you may not be able to withdraw your plea and have a trial in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Now, Mr. Mills, sir, have you answered

all of my questions truthfully?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you need any more time to think about your plea or to discuss your case with your lawyer before entering a plea?

THE DEFENDANT:  No, sir.

THE COURT:  All right.  Mr. Mills, how do you plead to the charge contained in the criminal information charging you with manufacturing child pornography?

THE DEFENDANT:  Guilty.

THE COURT:  Now, Mr. Mills, did you -- as the Government alleges in the criminal information, did you in or about January, 2014, in the Eastern District of North Carolina, knowingly attempt to and did employ, use, persuade, induce, entice and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, these visual depictions were produced using materials that had been mailed, shipped, transported in interstate commerce, all in violation of Title 18 United States Code Sections 2251(a) and (d), did you do all that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Thank you.

Mr. Willis, if you could provide the Court with a factual basis supportive of Mr. Mills' plea of guilty to the criminal information, telling the Court what the Government

believes it could prove at trial in this case.

MR. WILLIS:  Thank you, Your Honor.

Some of the evidence that the Government would present if this case were to proceed to trial is that following multiple reports that the defendant had engaged in sexual activity with minors at his residence located at 184 Nicole Drive in Sanford, North Carolina, on January 5th, 2014 a search warrant was executed at that residence where investigators seized several laptop computers, external hard drives and cellphones.  Forensic examination of those devices revealed videos taken by this defendant on his cellphone which depicted himself sexually molesting several juvenile victims as well as juveniles conducting sexual activity amongst themselves.  The cellphones, computers, hard drives and other devices utilized by the defendant to create these images had been mailed, shipped and otherwise transported in interstate or foreign commerce prior to being located at the defendant's residence here in the Eastern District of North Carolina.

THE COURT:  Ms. Bembry, do you care to respond to the Government's proffer?

MS. BEMBRY:  No, Your Honor.

THE COURT:  Mr. Mills, did you hear and did you understand the description of the criminal conduct that the prosecutor has just described to the Court?

THE DEFENDANT:  Yes, sir.

THE COURT: Do you dispute any of that information?

THE DEFENDANT: No, sir.

THE COURT: All right. The Court is satisfied with the responses given during this hearing and makes the following finding on the record: It is the finding of this Court in the case of Bailey Joe Mills, Case 5:14-CR-113, that Mr. Mills is fully competent and capable of entering an informed plea, that his plea of guilty to the criminal information is being made knowingly and voluntarily, that it is supported by an independent factual basis containing each of the essential elements of the offense charged in the criminal information. Mr. Mills' plea of guilty to the information is therefore accepted and he is hereby adjudged guilty of the charge contained in the information.

The Court conditionally approves the plea agreement the parties have reached in this case. The parties will be notified in writing of the date and the place of sentencing in this matter. As I said earlier, it is anticipated the sentencing will occur at the Court's November, 2014 term. Defense counsel is directed to contact Probation before leaving the Court today to arrange the time to commence preparation of the PSR in this matter.

All right. Is there anything further regarding Mr. Mills' case?

MS. BEMBRY: No, Your Honor.

THE COURT: What's the status of liberty here?

MR. WILLIS: Your Honor, I believe that unless the Court were to find exceptional reasons as to why the defendant should not be remanded into the Marshal's custody, Title 18 United States Code Section 3143 requires that the defendant be taken into custody pending trial, as this case involves a minor victim as well as a maximum penalty of life in prison.

THE COURT: Ms. Bembry, do you contest?

MS. BEMBRY: No, Your Honor.

THE COURT: All right. The Court will enter an order directing Mr. Mills to be remanded to the custody of the Marshal Service pending sentencing in this case. Thank you very much.

MR. WILLIS: Thank you, Your Honor.

- - - - -

(Proceedings concluded at 2:52 p.m.)

- - - - -

C E R T I F I C A T E

This is to certify that the foregoing transcript of proceedings taken in an arraignment hearing in the United States District Court is a true and accurate transcript of the proceedings taken by me in machine shorthand and transcribed by computer under my supervision, this the 11th day of July, 2015.

/S/ DAVID J. COLLIER

DAVID J. COLLIER

OFFICIAL COURT REPORTER